## WILLIAM F. MAC LENNAN *vs.* YEE CHONG, BISHOP & COMPANY and CECIL BROWN.

### April 29, 1905.

*Parties—General Rule—Exceptions:* There are exceptions to the general rule in equity that all persons having a beneficial interest in the

subject-matter of a suit should be made parties thereto, even though the legal title may be in others.    The rule is for the promotion of the equitable settlement of causes.    The exceptions to the rule are for the same object.    The rule will not be enforced when it would do injustice or cause great inconvenience, but may be modified or dispensed with under such circumstances.

*Same:*  Where a bank holds paper for collection belonging to a person out of the jurisdiction, and an assignment by the drawee and acceptor of the paper, of a fund for the payment thereof, it may be a party to a suit of interpleader concerning such fund, without such foreign person being made a party to the proceedings.

*Pleading—Interpleader:*  An answer in a suit of interpleader claiming a title to the fund,—the subject of the interpleader proceedings,—by virtue of certain bills of exchange held for collection and a deed of assignment of such fund for the payment of such bills of exchange, held demurrable for want of sufficient averment of the terms of such deed. (Marshall v. Turnbull, 34 Fed. Rep. 827).

In Equity:   Demurrer to Answer to Bill of Interpleader.

Robert W. Breckons, Attorney for Plaintiff.

E. M. Watson, Attorney for Yee Chong.

J. J. Dunne, Attorney for Bishop & Co. and Cecil Brown.

DOLE, J.    In this case, the company known as Yee Chong, Bishop & Company and Cecil Brown, interpleaded in response to the bill of interpleader filed by the plaintiff.    At the hearing, it appeared by the answers of Bishop & Company and Cecil Brown that the case was not in a condition to be properly disposed of.    Their counsel asked leave to amend in order to allege certain assignments by Yee Chong to them of the claim and judgment obtained by Yee Chong from the Fire Claims Commissioners.    The court directed that an issue of the question of title in the money held by the plaintiff be made.    Thereafter, Bishop & Company and Cecil Brown filed amended answers, to which Yee Chong, by its counsel, demurred.    The court, in the former proceedings, held that Bishop & Company and Cecil Brown stood in the relation of plaintiffs as to Yee Chong and that Yee Chong stood in the relation of defendants as to such plaintiffs.

The new answers of the plaintiffs set up respectively, assignments from Yee Chong to them, of their rights, title, interest, claim and demand of, in and to said moneys and funds now in the hands of said plaintiff, William MacLennan, by reason of Fire Claims Commission Judgment Award No. 6008, and claim that by virtue of such assignments they became the owners and holders of all the rights, titles, interests, claims and demands of the said firm of Yee Chong in said moneys and funds, and as such are duly entitled to the possession thereof and to a decree of this court establishing said ownership and possession.

The following were assigned as causes of demurrer: First, that the so-called answers and claims do not set up nor show any such title in said Bishop & Company and Cecil Brown to the fund in controversy as to give them any standing in this court under the bill of interpleader on file herein.   Second, that the so-called answers show affirmatively on their faces that the funds in controversy are not, and never were, subjects of interpleader.   Third, that the so-called answers are vague and uncertain in that the drafts or copies thereof upon which said alleged claims are predicated, are not attached to or made a part of such pleadings nor have any copies of such drafts been furnished to the defendant.   Fourth, that said so-called answers are vague and uncertain in that no copies of the assignments referred to therein are annexed thereto nor have copies of the same been furnished these defendants.

Counsel for Yee Chong, in his brief, urges that the answers show that the plaintiffs appear in a representative capacity as trustees for the real parties in interest, and that they have no title in themselves to, or interest in, the funds in controversy and that the real parties in interest, the firms for whom the plaintiffs are serving in the way of collecting the drafts in question, should be made parties in this case and quotes a number of authorities showing that in equity, parties having a beneficial interest in the subject-matter of a suit, should ap-

pear as parties in their own names even though the legal title may be in others.

There is no question but that this is the general rule in equity. It is, however, a rule to which there are exceptions. Rule 47 of the Rules of Practice for the Courts of Equity of the United States, provides:

"In all cases where it shall appear to the court that persons, who might otherwise be deemed necessary or proper parties to the suit, cannot be made parties by reason of their being out of the jurisdiction of the court, or incapable otherwise of being made parties, or because their joinder would oust the jurisdiction of the court as to the parties before the court, the court may in their discretion proceed in the cause without making such persons parties; and in such cases the decree shall be without prejudice to the rights of the absent parties."

The general rule referred to by counsel for the defendants has grown up and been enforced for the sake of promoting equitable settlement of causes. The exceptions to the rule are recognized for the same object. The rule is not allowed to do injustice but is modified or dispensed with when a strict adherence to it would produce injustice or a great inconvenience.

In the case of *Russell v. Clarke's Executors,* 11 U. S. 69, 97, (1812), cited by counsel for defendants, Chief Justice Marshall said:

"Perhaps in cases where the real merits of the cause may be determined, without essentially affecting the interest of absent persons, it may be the duty of the court to decree, as between the parties before them."

And in the case of *Riddle v. Mandeville,* 9 U. S. 321, 332, (1809), also cited by counsel for defendants, the court said:

"In such a case, the defendant has a right to insist on the other indorsers being made parties, but he has not done so; and in this case, the court does not perceive that McClenachan is a party so material in the cause, that a decree may not properly be made without him."

In another case cited by counsel for defendants, *The Execu-
tors of Reed v. Reed,* 16 N. J. Eq. 248, the court decided that
the proper parties, the cestuis que trust, were not before the
court and would not be bound by any decree that might be
made in the case. This was evidently because they had distinct
interests which were not represented by any of the parties in
the case, which principle is more fully set forth in the case of
*Hopkirk v. Page,* 12 Fed. Cas. 504, 513: No. 6697 (1822), in
which the court said:

"All persons having distinct interests, must undoubtedly be
brought into court; but where the interest of one person is in-
volved in that of another, and that other possesses the legal
right, so that the interest may be asserted in his name, it is
not, I think, always necessary to bring both before the court.
Thus, a trustee may sue, without naming the cestui que trust
as a party,—an executor or administrator may sue, without
naming legatees or distributees."

The following citations are of value in this discussion as
evidence of the sentiment of federal courts in regard to the
circumstances which allow exceptions to the general rule:

"The rule, however, that all persons, materially interested
in the subject of the suit, however numerous, ought to be par-
ties, is not without exception. As Lord Eldon has observed, it
being a general rule, established for the convenient administra-
tion of justice, it must not be adhered to in cases, to which, con-
sistently with practical convenience, it is incapable of applica-
tion." *West v. Randall, et al.,* 2 Mason, 181, 192. (1820).

"Whenever, therefore, the party supposed to be materially in-
terested is without the jurisdiction of the court; or if a personal
representative be a necessary party, and the right of representa-
tion is in litigation in the proper ecclesiastical court; or the
bill itself seeks a discovery of the necessary parties; and, in
either case, the facts are charged in the bill, the court will not
insist upon the objection; but, if it can, will proceed to make a
decree between the parties before the court, since it is obvious,
that the case cannot be made better." *Id.* 193.

"The principle upon which all these classes of cases stand, is, that the court must either wholly deny the plaintiffs an equitable relief, to which they are entitled, or grant it without making other persons parties; and the latter it deems the least evil, as it can consider other persons as *quasi* parties to the record, at least for the purpose of taking the benefit of the decree, and of entitling themselves to other equitable relief, if their rights are jeoparded. Of course, the principle always supposes that the decree can, as between the parties before the court, be fitly made without substantial injury to third persons. If it be otherwise, the court will withhold its interposition.

"The same doctrine is applied, and with the same qualification, to cases, where a material party is beyond the jurisdiction of the court, as if the party be a partner with the defendant, and resident in a foreign country, so that he cannot be reached by the process of the court. There, if the court sees, that without manifest injustice to the parties before it, or to others, it can proceed to a decree, it acts upon its own notion of equity, without adhering to the objection. The ground of this rule is peculiarly applicable to the courts of the United States; and therefore, if a party who might otherwise be considered as material by being made a party to the bill, would from the limited nature of its authority oust the court of its jurisdiction, I should strain hard to give relief as between the parties before the court." *Id.* 195.

"Courts of equity require, that all the parties concerned in interest shall be brought before them, that the matter in controversy may be finally settled. This equitable rule, however, is framed by the court itself, and is subject to its discretion. It is not, like the description of parties, an inflexible rule, a failure to observe which turns the party out of court, because it has no jurisdiction over his cause; but being introduced by the court itself, for the purposes of justice, is susceptible of modification, for the promotion of those purposes." *Elmendorf v. Taylor,* 23 U. S. 152, 165. (1825).

"The rule which requires that all persons concerned in in-

terest, however remotely, should be made parties to the suit, though applicable to most cases in the courts of the United States, is not applicable to all. In the exercise of its discretion, the court will require the plaintiff to do all in his power to bring every person concerned in interest before the court. But if the case may be completely decided as between the litigant parties, the circumstance that an interest exists in some other person, whom the process of the court cannot reach, as, if such party be a resident of some other state, ought not prevent a decree upon its merits. It would be a misapplication of the rule, to dismiss the plaintiff's bill, because he has not done that which the law will not enable him to do." *Id.* 167, 168.

"It seems to me that if there be a degree of ambiguity or uncertainty in chancery practice upon this head, yet the principle is fully sanctioned that whenever the legal estate or the right of absolute disposition thereof is vested in parties, they are competent to sustain or defer actions in relation thereto, without having parties interested in the trust or in the ulterior disposition of the estates brought before the court. If then the complainants are regarded merely as trustees, still as the entire estate is vested in them, they have sufficient authority to prosecute actions vindicating that title without bringing into the pleadings all parties who may ultimately be affected by the decision." *Bryan, et al., v. Stevens,* 4 Fed. Cas. 510, 511: No. 2066 a. (1841).

In the case at bar, it is alleged by the amended answers that the plaintiffs hold the drafts in question for collection, such drafts held by Cecil Brown having been drawn by Man Kwat Lee of Yokohama, against the defendants and accepted by them in favor of the Chartered Bank of India, Australia and China, of Yokohama, Japan, and the draft held by Bishop & Company having been drawn by Man Kwat Lee against the defendants and accepted by them in favor of the National Bank of China, Limited, of Hong Kong, China; and that prior to the initiation of this suit, the defendants assigned by written instruments to the plaintiffs respectively, for the purpose of securing

the payment of such drafts, the right, title, interest, claim and demand of the defendants in and to the moneys in question, obtained through the judgment and award of the Fire Claims Commission, and now in the hands of the court.

From these allegations it would appear that the plaintiffs are now, for the purposes of this demurrer, the legal owners of the said fund for the purposes of paying the said drafts; that they represent respectively the interests of the said banks of Yokohama and Hong Kong in whose favor the said drafts were respectively drawn and accepted, and that the said banks are outside of the jurisdiction of this court.

With these allegations of title, and the recognized rule that banks holding paper for collection, are authorized, without special instructions, to bring suits thereon, the plaintiffs, Bishop & Company and Cecil Brown, have a standing in these proceedings, and under the circumstances referred to and the authorities quoted, I do not consider the foreign banks which have an interest in the drafts are indispensable parties, and accordingly overrule the demurrers on the first ground. The second ground of demurrer was not pressed by counsel, and is overruled.

The third ground of demurrer is overruled, the drafts referred to being sufficiently set forth in the averments of the answer.

The fourth ground which is for vagueness and uncertainty in that no copies of the alleged assignments are annexed to the answer and no copies thereof have been furnished the defendants, is of merit, as to the answer of Bishop & Company, in that it does not sufficiently aver the terms of the assignment to them. This ground of the demurrer to the answer of Bishop & Company is allowed, with leave to amend.